STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Alden C. Ehler    }
}
}   Docket No.  55-3-00 Vtec
}
}

Decision and Order on Motion for Summary Judgment

Appellant Alden C. Ehler appealed from a decision of the Planning Commission of the Village of Essex Junction denying his subdivision application. Interested parties Eugene and Kathy Beaudry (the Beaudrys) intend to purchase one of the subdivided lots, on which they already reside. Appellant represents himself and has not taken an active part in the briefing of the motions. Interested parties Eugene and Kathy Beaudry are represented by Roger E. Kohn, Esq.; the Village is represented by David A. Barra, Esq.; Interested party Matthew Fitzgerald represents himself. The Beaudrys have moved for summary judgment; the Village and Mr. Fitzgerald have filed responses.

The following facts are undisputed unless otherwise noted. Appellant owns a corner lot (23 Jackson Street) at the intersection of Jackson and Wrisley Streets in the R2 zoning district in the Village of Essex Junction. The lot is 11,635 square feet in area and contains a house, divided into two rental apartments, and a mobile home, in which the Beaudrys reside with their two children. The minimum lot size for the district is 7,500 square feet. The house and a mobile home have located on the lot from a time prior to the adoption of zoning in the Village of Essex Junction, and hence qualify to remain as preexisting non-conforming uses or structures on the lot. However, prior to the subdivision proposed in this application, if the mobile home were moved off the lot for a period of at least 180 days, it could not be reestablished on the lot, and the lot could potentially become less non-conforming in the future in that way.

Appellant proposes to subdivide the lot into two lots of 5,994 square feet and 5,642 square feet, each of which would be below the minimum lot size for the district. Thus, it would make the lots permanently non-conforming as to lot size, where they had before been conforming. This subdivision would allow the Beaudrys to purchase the lot on which their mobile home is located. In addition, the location of the proposed subdivision line[1] creates non-conformities requiring a rear yard variance of 12 feet for one of the lots and a side yard variance of 4 feet for the other lot. Appellant obtained a variance from the minimum lot size requirements and from the side and rear yard setbacks on December 15, 1998.

It is entirely possible that the lots did not strictly qualify for the issuance of a variance, or that a variance would have been denied if it had been appealed to this Court. It may be poor policy to allow a lot of conforming size to be divided into two lots, both non-conforming as to size. However, the variance was issued, it was not appealed, and its issuance became final. This Court must take the application as it is, including the fact that the variance was issued allowing the non-conforming lot sizes and rear and side setbacks. The issuance of this variance, however, is not a precedent to the issuance of similar variances in the future; each application must be taken on its own merits before the ZBA and before this Court.

Under the Land Development Code, a A boundary line adjustment@ between existing lots may not render any existing lot non-conforming, ' 201(C)(24), or more non-conforming. ' 905(G).

Similarly, ' 905(A) will ordinarily prevent the creation of a non-conforming lot by subdivision, as it requires that land not be subdivided except in conformity with all the requirements of the Land Development Code. However, in the present case Appellant has brought the property into conformity with the requirements of the Land Development Code by obtaining the variances.

None of the other provisions of ' 905 or the other subsections of Chapter 9 are applicable, as the proposed subdivision would not create any new construction. Thus, the only other regulations applicable to this subdivision are whether the subdivision meets the general standards of review in ' 503(E) for neighborhood compatibility, effect on adjoining undeveloped land, public infrastructure impact and the general public health, safety and welfare. There is no adjoining undeveloped land, and no impact on infrastructure or public health, safety or welfare, as no additional construction, use or density will be created by the proposed subdivision.

The sole remaining question is thus whether the division of the existing lot into two undersized lots, without changing the structures or uses on the lot, is compatible with the existing neighborhood. As neither the subdivision plan nor any information about the neighborhood or surrounding lot sizes was presented in connection with summary judgment, we cannot rule on this remaining question on summary judgment, and must schedule a brief hearing to take any remaining evidence. However, because the remaining issue is so narrow, the Court will be prepared to rule from the bench to conclude this matter, and the parties should therefore be prepared to make their arguments orally at the close of the hearing.

Accordingly, based on the foregoing, Appellant= s Motion for Summary Judgment is GRANTED as to the proposed subdivision= s compliance with ' 905(A) but DENIED as to the proposed subdivision= s compliance with ' 503(E). Any remaining evidence on the subdivision application (including the plan of the proposed subdivision) may be presented at a hearing to be held at the Costello Courthouse, on Cherry Street in Burlington on Thursday, March 29, 2001, from 9 to 11 a.m. Please be advised that time may become available for this hearing instead on March 15, 2001 in the same location; please call the Court at 479-4486 on March 13 to determine which of the hearing days will be used. Please advise the Court as soon as possible of any conflicts or requests to continue either of these possible hearing dates.

Done at Barre, Vermont, this 21st day of February, 2001.

_____
Merideth Wright
Environmental Judge

---

### Footnotes

[1.]     The proposed subdivision plat has not been provided to the Court; this information is derived from the findings of the variance granted to Appellant.